701 N.W.2d 863 (2005)
2005 ND 135
In the Matter of DISCIPLINARY ACTION AGAINST Elizabeth Jane SUNDBY, a Member of the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner
v.
Elizabeth Jane Sundby, Respondent.
Nos. 20050188, 20050189, 20050190, 20050191, 20050192, 20050193, 20050194.
Supreme Court of North Dakota.
July 18, 2005.
PER CURIAM.
[¶ 1] Elizabeth Jane Sundby was served Summonses and Petitions for Discipline in seven separate matters: Supreme Court No. 20050188, the David Helfter matter ("Helfter"); Supreme Court No. 20050189, the Bridget May ("May") matter; Supreme Court No. 20050190, the Patricia Villanueva ("Villanueva") matter; Supreme Court No. 20050191, the David Klatt ("Klatt") matter; Supreme Court No. 20050192, the Marice Le ("Le") matter; Supreme Court No. 20050193, the Patricia Dwyer ("Dwyer") matter; Supreme Court No. 20050194, the Laurie Kapaun ("Kapaun") matter. Sundby answered the Helfter, May, Villanueva, and Klatt matters. On June 2, 2005, a Stipulation and Consent to Discipline was filed for all matters.
[¶ 2] Sundby stipulates that she was admitted to practice as an attorney at law in the courts of North Dakota on October 6, 1987, and her name has appeared on the roll of attorneys maintained by the *864 Supreme Court since that time. On December 11, 2002, Sundby was placed on Interim Suspension by this Court. See, Disciplinary Board v. Sundby, 2002 ND 197, 654 N.W.2d 391.
[¶ 3] Sundby stipulates that Helfter and his wife hired Sundby to represent them in an interview with a social worker and paid a retainer of $500. Sundby did some work, but failed to continue the representation. Helfter determined that Sundby completed one hour of work and was entitled to $140 as payment. Helfter tried to recover the remainder of his retainer from her. Sundby did not respond to his request and did not return any money to him. Sundby was informed a complaint had been filed against her and she had an obligation to respond under N.D.R. Lawyer Discipl. 3.1(D)(3); however, Sundby did not respond.
[¶ 4] May retained Sundby to represent her in a paternity matter and paid a retainer of $250. Sundby did not file a summons and complaint nor stipulated agreement, and a paternity judgment was not filed with the Court. May tried to contact Sundby regarding the status of her case, but Sundby did not respond to May's inquiries.
[¶ 5] Villanueva retained Sundby to represent her in a domestic relations matter. Sundby failed to appear at a hearing, and failed to respond to Villanueva's requests for information on the status of her case. Villanueva terminated Sundby's representation. Sundby did not return the file to Villanueva in a timely manner. Sundby was notified a complaint had been filed against her and she had an obligation to respond under N.D.R. Lawyer Discipl. 3.1(D)(3); however, Sundby did not respond.
[¶ 6] Klatt retained Sundby to represent him in a domestic relations matter and paid a $250 retainer. Sundby told Klatt a stipulation would be filed in the matter. For several months, Klatt tried to contact Sundby about the status of his case; however, Sundby did not respond to Klatt's inquiries. Later, Klatt discovered no documents had been filed.
[¶ 7] Le retained Sundby to represent her in a divorce. When Le tried to contact Sundby about the status of her case, Sundby did not return calls. Sundby did not file the papers necessary for the divorce.
[¶ 8] Dwyer retained Sundby to represent her in a step-parent adoption and paid Sundby $250 of a $500 fee. Sundby did not pursue the adoption and did not communicate with Dwyer about the status of the case.
[¶ 9] Kapaun retained Sundby to represent her in a divorce and paid a retainer of $750. Sundby did not complete the divorce.
[¶ 10] Sundby stipulates that her conduct in these matters violated N.D.R. Prof. Conduct 1.3, Diligence; 1.4, Communication; 1.15(b), Safekeeping Property; 1.16(e), Declining or Terminating Representation; and 8.1(b), Bar Admission and Disciplinary Matters. Sundby further stipulates that she violated N.D.R. Lawyer Discipl. 1.2(A)(8) when she failed to respond to the disciplinary complaints in violation of N.D.R. Lawyer Discipl. 3.1(D)(3).
[¶ 11] Sundby stipulates that she received an admonition in December 2001 from the Inquiry Committee Southeast for violation of N.D.R. Prof. Conduct 1.3, Diligence, which is an aggravating factor in the imposition of discipline.
[¶ 12] Sundby consents to a suspension from the practice of law for six months and one day, retroactive to December 11, 2002; the payment of costs in the amount of $250; and restitution as follows: $340 to Helfter, $250 to May, $350 to Villanueva, $250 to Klatt, $500 to Dwyer, *865 and $750 to Kapaun. Payments are to be made at the rate of $100 per month to the complainants, except Helfter, who is deceased, with proof to the Disciplinary Board. Restitution in the Helfter matter may be paid to his ex-spouse as Helfter is deceased and the matter involved his son.
[¶ 13] These matters were submitted to three separate Hearing Panels for consideration. On June 2, 2005, the Hearing Panels filed a Report of Hearing Panels under N.D.R. Lawyer Discipl. 3.1(F)(2).
[¶ 14] The Hearing Panels reviewed the Stipulation and Consent to Discipline and concluded that Sundby's conduct violated N.D.R. Prof. Conduct 1.3, Diligence; 1.4, Communication; 1.15(b), Safekeeping Property; 1.16(e), Declining or Terminating Representation; and 8.1(b), Bar Admission and Disciplinary Matters, and further violated N.D.R. Lawyer Discipl. 1.2(A)(8) when Sundby failed to respond to the disciplinary complaints in violation of N.D.R. Lawyer Discipl. 3.1(D)(3).
[¶ 15] The Hearing Panels recommended that Sundby be suspended from the practice of law for six months and one day, retroactive to December 11, 2002; payment of costs in the amount of $250; and restitution as follows: $340 to Helfter; $250 to May; $350 to Villanueva; $250 to Klatt; $500 to Dwyer; and $750 to Kapaun. The Supreme Court considered the matter, and
[¶ 16] ORDERED, the Report of the Hearing Panels is accepted.
[¶ 17] FURTHER ORDERED, Elizabeth Jane Sundby is suspended from the practice of law for six months and one day, retroactive to December 11, 2002, for violation of N.D.R. Prof. Conduct 1.3, Diligence; 1.4, Communication; 1.15(b), Safekeeping Property; 1.16(e), Declining or Terminating Representation; and 8.1(b), Bar Admission and Disciplinary Matters, and further violated N.D.R. Lawyer Discipl. 1.2(A)(8) and 3.1(D)(3).
[¶ 18] FURTHER ORDERED, Elizabeth Jane Sundby pay restitution as follows: $340 to Helfter, $250 to May, $350 to Villanueva, $250 to Klatt, $500 to Dwyer, and $750 to Kapaun. Payments are to be made at the rate of $100 per month to the complainants, except Helfter, who is deceased, with proof to the Disciplinary Board. Restitution in the Helfter matter may be paid to his ex-spouse as Helfter is deceased and the matter involved his son.
[¶ 19] FURTHER ORDERED, Elizabeth Jane Sundby pay the costs of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board.
[¶ 20] FURTHER ORDERED, Elizabeth Jane Sundby must apply for reinstatement under N.D.R. Lawyer Discipl. 4.5.
[¶ 21] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.