2007 ND 185

**In the Matter of the Application for REINSTATEMENT OF Elizabeth Jane SUNDBY.**

**Elizabeth Jane Sundby, Petitioner**

v.

**Disciplinary Board of the Supreme Court of the State of North Dakota, Respondent.**

**No. 20070332.**

Supreme Court of North Dakota.

Dec. 3, 2007.

PER CURIAM.

[¶ 1]   Elizabeth Jane Sunby was admitted to the practice of law in the State of North Dakota on October 6, 1987. Sundby was placed on interim suspension effective December 11, 2002, and until further order of the Court. *See Disciplinary Board v. Sundby*, 2002 ND 197, 654 N.W.2d 391. Thereafter, Sundby was placed on suspension for six months and one day, retroactive to her December 11, 2002, interim suspension. The Order provided Sundby must apply for reinstatement under N.D.R. Lawyer Discipl. 4.5. *See Disciplinary Board v. Sundby*, 2005 ND 135, 701 N.W.2d 863.

[¶ 2]   On June 19, 2007, Sundby filed a Petition for Reinstatement and attached

documents with the Disciplinary Board of the Supreme Court. The matter was assigned to a Hearing Panel of the Disciplinary Board, and after consideration of the Petition, evidence, post-hearing written arguments, and Affidavit of Costs and Expenses, the Hearing Panel filed its Report recommending Sundby's reinstatement. The matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 4.5.

[¶ 3] In its Report, the Hearing Panel found that Sundby had been suspended for violation of N.D.R. Prof. Conduct 1.3, Diligence; 1.4, Communication; 1.15(b), Safekeeping Property; 1.16(e), Declining or Terminating Representation; and 8.1(b), Bar Admission and Disciplinary Matters, and further violated N.D.R. Lawyer Discipl. 1.2(A)(8) and 3.1(D)(3). Sundby had been ordered to pay restitution to her clients plus the costs of the disciplinary proceeding.

[¶ 4] The Hearing Panel found that Sundby has paid the restitution ordered by the Court and has paid the costs of her disciplinary proceedings. Further, the Hearing Panel found that Sundby had been suspended from the practice of law in Minnesota effective April 4, 2003, the basis of which was Sundby's suspension in North Dakota; failure to maintain records of her trust account; failure to cooperate with the investigation of a complaint; failure to list a claim in bankruptcy for a client; and failure to pay a judgment entered against her in the bankruptcy proceeding.

[¶ 5] The Hearing Panel found that the Minnesota discipline was part of the misconduct resulting in Sundby's North Dakota discipline, having occurred during the time she was neglecting client matters. Further, the Hearing Panel found that Sundby's failure to cooperate in the investigation of a complaint and failure to pay a judgment against her resulted in informal discipline.

[¶ 6] The Hearing Panel found that at the time of Sundby's discipline she suffered from undiagnosed bipolar disorder, which affected her ability to carry out her responsibilities to clients. The Hearing Panel also found that Sundby is currently on medication for her disorder, and with adjustments to her medication and case load, Sundby has been able to work productively as a paralegal for the Bredahl and Fisher law firm during the past two and one-half years.

[¶ 7] The Hearing Panel found that Sundby recognized the wrongfulness of the misconduct resulting in her suspension, and has maintained competence in the law by taking ninety hours of continuing legal education and through her employment with Bredahl and Fisher. The Hearing Panel also found that Sundby has not engaged or attempted to engage in the unauthorized practice of law during her suspension.

[¶ 8] Based on its findings, the Hearing Panel concluded Sundby has fully complied with the terms and conditions of all applicable disciplinary orders and rules; she recognizes the wrongfulness and seriousness of the misconduct for which she was suspended; she has not engaged in any other professional misconduct since her suspension; and she has the requisite honesty and integrity to practice law. The Hearing Panel also concluded Sundby's subsequently diagnosed bipolar disorder contributed to the injury to her clients, and Sundby is now under treatment.

[¶ 9] The Hearing Panel concluded Sundby and her current employer recognize the need for parameters on Sundby's practice to ensure that the public will be protected upon her return to practice. The Hearing Panel further concluded that Sundby's reinstatement be with limitations

in order to avoid a recurrence of the circumstances that lead to her suspension. The limitations include association with an experienced supervising lawyer and a continued course of treatment for Sundby's bipolar disorder, and could be lifted upon application when the evidence demonstrates they are no longer needed.

[¶ 10] Based on its findings and conclusions, the Hearing Panel recommends Sundby be reinstated to the practice of law with the limitations that her practice be in association with an experienced supervising lawyer and she continue her treatment for bipolar disorder. The Hearing Panel further recommends Sundby pay the costs of the reinstatement proceeding in the amount of $1,966.75. The Court considered the matter, and

[¶ 11] **ORDERED,** the Report of the Hearing Panel is adopted.

[¶ 12] **FURTHER ORDERED,** Elizabeth Jane Sundby be reinstated to the practice of law in the State of North Dakota effective January 1, 2008, with the limitations that her practice be in association with an experienced supervising lawyer, and that she continue her course of treatment for bipolar disorder.

[¶ 13] **FURTHER ORDERED,** within 30 days from the entry of this Order, Elizabeth Jane Sundby must submit to the Clerk of the Supreme Court and to counsel for the Disciplinary Board the name of an experienced licensed North Dakota attorney, in good standing, who will be associated with Sundby's practice of law and who will accept, in writing, the responsibility of acting as a supervising lawyer over Sundby's practice. The supervising lawyer must agree to monitor Sundby's practice, and must agree to submit a written report once every six months to the Clerk of the Supreme Court and to counsel for the Disciplinary Board stating that the attorney has reviewed the status of Sundby's case files and stating whether, in the attorney's opinion with regard to those files, Sundby has acted in accordance with the North Dakota Rules of Professional Conduct, and that she has complied with all the limitations imposed by this Order.

[¶ 14] **FURTHER ORDERED,** Elizabeth Jane Sundby must pay the costs of the reinstatement proceeding in the amount of $1,966.75.

[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 16] The Honorable DANIEL J. CROTHERS, deeming himself disqualified, did not participate in this decision.